IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THEODORE GUARDIOLA, | § | |
| TDCJ-CID NO. 411783, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-0341 |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Theodore Guardiola, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Fed. Writ Pet.") (Docket Entry No. 1) with Memorandum of Law in Support ("Fed. Writ Memo") (Docket Entry No. 2) challenging the failure of the Texas Department of Criminal Justice ("TDCJ") to grant "good time" credits towards his sentence and the failure of the TDCJ to restore previously earned credits.  Also pending before the court are Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 12) and Guardiola's Rebuttal (Docket Entry No. 19).[1]  For the reasons discussed below, the court

---

[1]The court notes that Guardiola's Rebuttal to Dretke's Motion for Summary Judgment was included twice on the docket (Docket Entry No. 18; Docket Entry No. 19).  However, Docket Entry No. 18 is missing Guardiola's attachments.  Therefore, the court will consider only Docket Entry No. 19.

will grant the motion for summary judgment and dismiss Guardiola's petition.

## I.  <u>Procedural History and Claims</u>

Guardiola pleaded guilty to aggravated robbery on December 17, 1985, in the 338th District Court of Harris County, Texas.  He was convicted and sentenced to 25 years' imprisonment in the TDCJ, Correctional Institutions Division ("TDCJ-CID").  <u>Ex parte Guardiola</u>, No. 62,898-01, at 31-32.  Because Guardiola challenges the failure of the TDCJ to grant time credits toward his sentence rather than his conviction, further procedural history of his conviction is unnecessary.

Guardiola was released to mandatory supervision on April 5, 2002 (Docket Entry No. 12, Exhibit A at 1-2).  After Guardiola violated the terms of his mandatory supervision, the Texas Board of Pardons and Paroles revoked his mandatory supervision on October 13, 2004, and ordered that he be returned to confinement in the TDCJ-CID (Docket Entry No. 12, Exhibit A at 6).

Guardiola submitted an administrative time credit dispute form, which was received by the appropriate TDCJ office on December 17, 2004 (Docket Entry No. 12, Exhibit B at 3).  After considering Guardiola's claim, the TDCJ notified Guardiola on July 12, 2005, that his current time calculations were without error (Docket Entry No. 12, Exhibit B at 3).  Guardiola then filed a state habeas application on August 4, 2005, asserting that the

-2-

TDCJ had failed to grant him good-time credits earned before his mandatory release in April 2002, and that TDCJ had failed to restore this previously earned good-time credit.   <u>Ex parte Guardiola</u>, No. 62,898-01, at 2-15.  The Texas Court of Criminal Appeals denied the petition without written order on October 5, 2005.  <u>Id.</u> at cover.

Guardiola filed this federal habeas petition on January 24, 2006.[2]  Fed. Writ Pet. at 9.  The court understands Guardiola's petition to assert the following grounds for relief:

1.   The TDCJ failed to award him good-time credit earned from the date he completed on-the-job training in June of 2000 until his release to mandatory supervision in April of 2002;

2.   the TDCJ failed to award him good-time credit earned from the date he completed his coursework for a bachelor's degree in 2000 until his release to mandatory supervision in April of 2002; and

3.   the TDCJ failed to restore his good-time credit, allegedly earned prior to his April 2002 release, after the revocation of his mandatory supervision in October of 2004.

Fed. Writ Pet. at 7; Fed. Writ Memo at 3-5.

Because Guardiola was convicted and sentenced in Harris County, this court has jurisdiction over this petition

---

[2] "[T]he habeas corpus petition of a pro se prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing."  <u>Spotville v. Cain</u>, 149 F.3d 374, 375 (5th Cir. 1998).  Guardiola declares that he placed the petition in the prison mailing system on January 24, 2006.  Fed. Writ Pet. at 9. Therefore, the court considers the petition filed on this date.

pursuant to 28 U.S.C. § 2241(d).  <u>See</u> <u>Wadsworth v. Johnson</u>, 235
F.3d 959, 961 (5th Cir. 2000).

## II.  <u>Standard of Review</u>

**A.  Summary Judgment**

A court grants summary judgment when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is entitled
to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).
Material facts are facts that may "affect the outcome of the suit
under the governing law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106
S. Ct. 2505, 2510 (1986).  An issue of material fact is genuine "if
the evidence is such that a reasonable jury could return a verdict
for the nonmoving party."  <u>Id.</u>

The party moving for summary judgment bears the initial burden
of proving the absence of any genuine issues of material fact.
Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548,
2552 (1986).  Once the movant has met this burden, the non-movant
must establish that there is a genuine issue for trial.  <u>Smith v.
Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant
is unable to meet this burden, the motion for summary judgment will
be granted.  Fed. R. Civ. P. 56(c).  When considering a summary
judgment motion, the court resolves any doubts and draws any
inferences in favor of the nonmoving party.  <u>Hunt v. Cromartie</u>, 119
S. Ct. 1545, 1551-52 (1999).

-4-

**B.    Liberal Construal of <u>Pro Se</u> Petitions**

In a habeas case the court should liberally construe the petitions of <u>pro se</u> prisoner litigants.  <u>See</u> <u>Haines v. Kerner</u>, 92 S. Ct. 594, 595-96 (1972) (per curiam).  Procedural rules must give way at times "because of the unique circumstance of incarceration." <u>McNeil v. United States</u>, 113 S. Ct. 1980, 1984 (1993) (citing <u>Houston v. Lack</u>, 108 S. Ct. 2379 (1988)).  Overall, the court holds <u>pro se</u> complaints to "less stringent standards than formal pleadings drafted by lawyers."  <u>Haines</u>, 92 S. Ct. at 596.

### III.    <u>Analysis</u>

Guardiola asserts that the TDCJ failed to grant him good-time credit that he earned prior to his April 2002 release to mandatory supervision by completing on-the-job training and coursework for a bachelor's degree in 2000.  Fed. Writ Pet. at 7; Fed. Writ Memo at 3-5.  He further asserts that the TDCJ failed to reinstate this previously earned credit when his mandatory supervision was revoked in October 2004.  Fed. Writ Memo at 4-5.  He requests that the court find that he was improperly denied good-time credit, and that the court order the TDCJ to award him the 330 days of credit he is owed.  Fed. Writ Memo at 4-5, 8-9.  Before evaluating the merit of these claims, however, the court must consider the threshold issue of whether Guardiola has standing to assert them.  <u>See</u> <u>Sommers Drug Stores Co. Employment Profit Sharing Trust v. Corrigan</u>, 883 F.2d 345, 348 (5th Cir. 1989) ("We have recognized, however, that

-5-

standing is essential to the exercise of jurisdiction, and that lack of standing can be raised at any time by a party or by the court.") (citing <u>United States v. One 18th Century Colombian Monstrance</u>, 797 F.2d 1370, 1374 (5th Cir. 1986)).

To meet the constitutional minimums for standing, Guardiola must establish that he has suffered an injury in fact, that the injury is fairly traceable to the Respondent, and that it is likely that the injury will be redressed by a favorable decision.  <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 112 S. Ct. 2130, 2136 (1992). Guardiola, as the party invoking federal jurisdiction, bears the burden of establishing each of these elements.  <u>See</u> <u>id.</u>

A TDCJ-CID inmate may earn good-time credit for participation in vocational, educational, or other programs.  Tex. Gov't Code Ann. § 498.003(a) (Vernon 2004).  Good-time credit may be applied toward eligibility for parole or mandatory supervision, but does not shorten the length of the inmate's term.  <u>Id.</u>  An inmate must be released to mandatory supervision "when the actual calendar term the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  Tex. Gov't Code Ann. § 508.147(a) (Vernon 2004).  Therefore, if Guardiola was entitled to 330 additional days of good-time credit as he alleges, he may have been entitled to be released to mandatory supervision sooner than April of 2002.  <u>See</u> <u>id.</u>  But even if the court were to conclude that Guardiola was wrongfully denied credit, the court

-6-

cannot now order the TDCJ-CID to go back and release Guardiola to mandatory supervision sooner than April of 2002.  Thus, the court cannot redress any past injury potentially suffered by Guardiola.

Additionally, Guardiola has failed to show that he will experience any future adverse effects from the TDCJ's failure to grant credits earned before his April 2002 release.  If an inmate is released to mandatory supervision, but later has the mandatory supervision revoked, "the inmate forfeits all good conduct time previously accrued."  Tex. Gov't Code Ann. § 498.004(b). Therefore, even if the court were to agree that Guardiola earned an additional 330 days of credit before his release in April of 2002, he forfeited those credits upon the revocation of his mandatory supervision on October 13, 2004.  See Tex. Gov't Code Ann. § 498.004(b).  In the context of a federal prisoner's habeas petition, the Fifth Circuit concluded that the prisoner's claims involving good-time credit became moot upon his release to mandatory supervision. Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987).  Because "the good time of one confinement does not carry over to a second confinement," there were no future adverse effects that could be attributed to the denial of credits earned prior to the petitioner's release.  Id.  Thus, his claims were no longer justiciable.  Id.  Applying Bailey to this case, any claims that Guardiola may have had regarding the TDCJ's failure to grant credits earned before his release became moot upon his

release in April of 2002.[3]  See id. at 278-79; see also Adair v.
Dretke, 150 Fed. App'x 329 (5th Cir. 2005) (holding that an appeal
involving a Texas prisoner's habeas claim seeking reinstatement of
good-time credit was now moot because prisoner had been released to
mandatory supervision and any previously earned good-time credit
"w[ould] not carry over to a subsequent confinement").
Accordingly, Guardiola lacks standing to assert these claims now.[4]

---

[3]More accurately, Guardiola lost standing to assert his claims upon
his release.  See Center for Individual Freedom v. Carmouche, 449
F.3d 655, 661 (5th Cir. 2006) ("Mootness is 'the doctrine of stand-
ing in a time frame.  The requisite personal interest that must
exist at the commencement of litigation (standing) must continue
throughout its existence (mootness).'") (quoting United States
Parole Comm'n v. Geraghty, 100 S. Ct. 1202, 1209 (1980)).  If
Guardiola had initiated this litigation before his release, his
claims would have become moot upon his release.  Because he
initiated it after his release, the doctrine of standing applies.

[4]Guardiola's claims regarding credits earned before his April 2002
release are also barred by the one-year statute of limitations
established by the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA").  See 28 U.S.C. § 2244(d) (2000).  Guardiola had one
year from "the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise of
due diligence" to file his federal habeas petition.  28 U.S.C.
§ 2244(d)(1)(D).  Guardiola does not assert the exact date that he
became aware that he had been denied earned good time credit, but
does assert that it was "only months . . . before being released in
2002 . . ." (Docket Entry No. 19 at 2).  Giving Guardiola the
benefit of the doubt, the court will assume that the statute of
limitations began to run on the date that he was released to
mandatory supervision, April 5, 2002.  The statute of limitations
could have been tolled during "the timely pendency of prison
grievance procedures." Kimbrell v. Cockrell, 311 F.3d 361, 364
(5th Cir. 2002); see 28 U.S.C. § 2244(d)(2).  But despite
Guardiola's assertion that he filed a time dispute resolution form
just before his release (Docket Entry No. 19 at 2), there is no
evidence in the record to indicate that he did so.  Further,
although Guardiola makes the conclusory assertion that equitable
(continued...)

Texas law does not guarantee the reinstatement of forfeited good time credit.  Tex. Gov't Code Ann. § 498.004(b).  "Because the [Texas] statutes have . . . vested complete discretion with the state correctional authorities on the issue of restoration of good time credits forfeited for disciplinary infractions, there is no protected liberty interest in the restoration of good time credits . . . ."  Hallmark v. Johnson, 118 F.3d 1073, 1079-80 (5th Cir. 1997); see also Ex parte Montgomery, 894 S.W.2d 324, 327-29 (Tex. Crim. App. 1995) (concluding that there was no liberty interest in the restoration of good-time credit).  Without a state-created liberty interest, Guardiola's third clam fails.[5]

---

(...continued)
tolling applies (Docket Entry No. 19 at 4), he has failed to assert or prove facts to establish the "rare and exceptional circumstances" required to justify equitable tolling.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  Therefore, the statute of limitations for Guardiola's claims expired no later than April 5, 2003.  This petition was not filed until January 24, 2006, and is therefore time-barred with respect to the good-time credits earned before Guardiola's release to mandatory supervision.

[5]Federal habeas relief cannot be granted unless the petitioner alleges that he has been deprived of a right secured to him by the United States Constitution or the laws of the United States.  Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (citing Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)).  The Constitution does not guarantee good-time credit, but a state may statutorily create a liberty interest in good-time credit, invoking the Fourteenth Amendment, such that a prisoner cannot be deprived of earned good-time credit without procedural due process.  Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974).  State law determines whether "good time credits constitute a protected liberty interest."  Superintendent, Mass. Correctional Inst., Walpole v. Hill, 105 S.Ct. 2768, 2770 (1985).  As the Fifth Circuit determined in Hallmark, Texas law does not create a protected liberty interest
(continued...)

The court therefore concludes that because Guardiola was released to mandatory supervision in April of 2002, any past injury that he may have suffered cannot be redressed.  Additionally, because his mandatory release was revoked, he forfeited all previously earned good-time credits and has no liberty interest to support this claim.  Accordingly, the court will grant Respondent's Motion for Summary Judgment on all of Guardiola's claims.

## IV.  **Certificate of Appealability**

Although Guardiola has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, the issue of a COA may arise.  This court may deny a COA <u>sua sponte</u>.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA Guardiola must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Guardiola must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further.  <u>Tennard</u>, 124 S. Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Guardiola has not made a substantial

---

(...continued)
in the restoration of forfeited good-time credit.  <u>Hallmark</u>, 118 F.3d at 1079-80.  Thus, no constitutional or other federal right is at stake.

showing of the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

### V.   Conclusion and Order

The court **ORDERS** the following:

1.   Guardiola's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

2.   Dretke's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED.**

3.   A certificate of appealability is **DENIED.**

4.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 4th day of August, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE